

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

(8)

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9759 | **DATE** | 5/21/2002 |
| **CASE TITLE** | Veronica Kirk et al. Vs. American Horizon Insurance | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. We award Veronica Kirk damages in the amount of $5,109.00, Larry Kirk damages in the amount of $11,199.00, Carla Foster damages in the amount of $18,691.00, the plaintiffs jointly and severally $25,000.00 for the carrier's vexatious and unreasonable delay pursuant to Section 155 of the Illinois Insurance Code, 215 ILCS 5/155(I), and reasonable attorney's fees and costs. Their attorney shall present a documented petition for fees and costs within 14 days.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAY 2 2 2002 | |
| | Notified counsel by telephone. | date docketed | 7 |
| ✓ | Docketing to mail notices. | AK | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| WAH | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VERONICA KIRK, LARRY KIRK and )
CARLA FOSTER, )
)
    Plaintiffs, )
)
vs. ) No. 01 C 9759
)
AMERICAN HORIZON INSURANCE, )
)
    Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs were injured on Christmas Day, 1999, when their vehicle was side-swiped by a hit-and-run driver. In due course they submitted claims to the insurance carrier responsible under the Uninsured Motorist Provision of a liability policy. The insurance carrier ignored them, they ultimately brought suit, the insurance carrier continued to ignore them, default judgment as to liability was granted on April 18, 2001, and the matter was continued to May 16, 2000, for prove-up, and the carrier continued to ignore them. We now enter judgment. We award Veronica Kirk damages in the amount of $5,109.00, Larry Kirk damages in the amount of $11,199.00, Carla Foster damages in the amount of $18,691.00, the plaintiffs jointly and severally $25,000.00 for the carrier's vexatious and unreasonable delay pursuant to Section 155 of the Illinois Insurance Code, 215 ILCS 5/155(I), and reasonable attorney's fees and costs.

Not surprisingly, plaintiff's counsel urges damage amounts we consider overly generous. Luckily for plaintiffs they emerged from the accident with soft tissue injuries of limited duration. Veronica Kirk had a left leg contusion and mild discomfort to the right side of her neck. Her medical expenses were $109.00 for a one-time treatment at the hospital emergency facility. While there is a reference by her employer to migraine headaches and

lower back pain, there is nothing in the medical records to associate those with the accident.

Larry Kirk's treatment was somewhat more extended. He had a mild right-sided neck strain, continuing headaches and neck aches, and back pain. By March 15, 2000, he was still having muscle spasms and neck and back pain. He had some physical therapy, but the demands of his employment required physical stress and necessitated his missing a number of physical therapy sessions. That slowed up recovery somewhat, but treatment after March 15, 2000, was considered unnecessary. His medical expenses were $1,199.00.

Carla Foster's injuries were somewhat more extensive. She had pain on her left side in her neck, arm, hip and leg, and also experienced headaches. X-rays were taken on two occasions and she went through a number of physical therapy sessions, ending April 17, 2000. Her medical expenses were $3,691.00.

All of the plaintiffs, as was to be expected, experienced some psychological impact due to the trauma. Larry Kirk, particularly, suffered sleep problems in the immediate aftermath of the accident.

Given the carrier's total disregard of its obligations, we consider an award of $25,000.00 appropriate pursuant to Section 155 of the Illinois Insurance Code. *See* Millers Mutual Insurance Association of Illinois v. House, 221 Ill.Dec. 613, 675 N.E.2d 1037 (Ill.App. 5th Dist. 1997). Finally, plaintiffs are entitled to reasonable attorney's fees and costs. Their attorney shall present a documented petition for fees and costs within 14 days. Final judgment will await a determination of fees and costs and then all awards will be set forth in a final judgment order.

JAMES B. MORAN
Senior Judge, U. S. District Court

May 21, 2002.