Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9759 | **DATE** | 7/15/2002 |
| **CASE TITLE** | Veronica Kirk et al. Vs. American Horizon Ins Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Accordingly, we must vacate the judgment and dismiss the complaint without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | JUL 16 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 24 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | 02 JUL 15 PM 3:12 | date mailed notice | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VERONICA KIRK, LARRY KIRK, )
BRIAUN KIRK and CARLA FOSTER, )
)
Plaintiffs, )
)
vs. ) No. 01 C 9759
)
AMERICAN HORIZON INSURANCE )
COMPANY, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

This case does not reflect well on anyone (except perhaps the plaintiffs themselves), including the court. The insurance carrier's processing of the claims was lamentable; plaintiffs' counsel brought suit in the wrong court; the insurance carrier's counsel failed to defend; and this court, overlooking obvious jurisdictional infirmities, granted a default judgment. That has resulted in yet more legal effort, which takes the parties back to square one. These claims should have been resolved two years ago by the parties, and we have urged them to do so now, apparently to no avail. Unfortunately, we cannot bring this matter to end because we lack subject matter jurisdiction and thus we have no authority to do anything other than dismiss the complaint without prejudice.

We assume that Veronica and Larry Kirk are citizens of Wisconsin, although the allegation is that they reside there. We assume Carla Foster is a citizen of Illinois, although the allegation is that she resides there. The citizenship of the defendant is unclear. A corporation is a citizen of the state of incorporation, which is not alleged, and of the state in which it has its principal place of business, which is also not alleged. Plaintiffs do allege that

defendant is licensed to do business in both Illinois and Wisconsin, but that does not establish citizenship, although it means venue is proper in either state. For all we know, defendant could be incorporated and have its principal place of business other than in Illinois and Wisconsin. Thus there could be diversity, but it does not appear, as it must, from the face of the complaint.

If that were the only defect, we would vacate the default judgment and dismiss with leave to amend if complete diversity could be alleged. But, as we earlier noted, each of the plaintiffs had only soft tissue injuries of limited duration. For diversity jurisdiction each plaintiff's claim must exceed the $75,000 jurisdictional amount. Each plaintiff so claims, but that does not establish jurisdiction if it is clear that no reasonable trier of fact could award damages exceeding that amount to a plaintiff seeking recovery. As the amounts previously awarded indicate, none of the claims could reach that amount. Accordingly, we must vacate the judgment and dismiss the complaint without prejudice. We do so reluctantly because these claims should have been processed and paid a long time ago. This lawsuit would, if nothing else, appear to provide the defendant with all the information necessary to do just that, and we urge the parties cooperatively to resolve the matter without further litigation.

JAMES B. MORAN
Senior Judge, U. S. District Court

July 15, 2002.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Eastern Division

| | |
|---|---|
| Veronica Kirk et al. | **JUDGMENT IN A CIVIL CASE** |
| v. | Case Number: 01 C 9759 |
| American Horizon Insurance Co. | |

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that accordingly, we must vacate the judgment and dismiss the complaint without prejudice.

Michael W. Dobbins, Clerk of Court

Date: 7/15/2002

Willie A. Haynes, Deputy Clerk